Morse, &c. *vs.* Cross.

APPEAL FROM HICKMAN CIRCUIT.

Case 32.

17bm735
121   772

Ord. Pet.

1. It is a rule in the construction of wills that effect shall be given as far as practicable to every part of the will, in order that the intention of the testator may be fully carried out

2. The devise in this case was to the widow of the testator, of all his estate, during her life or widowhood, and at her death or marriage he devised all his estate to his children. This was a devise of the estate to the wife for life, with remainder to the children, in fee, in the same property. But the testator gave his wife power to dispose of any of his estate at her own discretion, during the continuance of her interest therein, for the purpose of keeping together and raising the unmarried children. Held, that the children took the remainder, subject to the power conferred by the will upon the mother to sell any part of the lands; and that her sale and conveyance passed a valid title to the purchaser.

[The facts of the case are stated in the opinion of the court.—Rep.]

*B. & J. Monroe* for appellants—

The only question arising in this case is upon the construction of the will of Obediah Morse. Had Susan Morse a right, under the will of her husband, to make an absolute sale of any part of the real estate of which the testator died seized. It is true that effect should be given to every part of the will if it can be done. It is thought that this can be done in this case without recognizing the right of the widow to make an absolute sale of any part of the land. The will provides that the widow take the whole of the estate during her life or widowhood, and at her death or marriage the whole of his estate is to be divided between the children by name. It is not said what may be undisposed of by his widow, but all my estate. It is true that the will contains a clause giving to the widow all his estate, after payment of debts, "to hold, add to, or dispose of at her own discretion, during her life or widowhood, for the

purpose of keeping together and raising my children that are yet unmarried—that is, all my estate and effects; and at the marriage or death of my said wife, &c. Now does this authorize a sale, in fee, of any part of the real estate by the widow before marriage. It is insisted that such a construction is not necessary, and that the power of disposition may be exercised in a variety of ways, and yet preserve the remainder to the children. She might lease, rent, mortgage, or in other way dispose of the real estate, without at all, in fee, defeating the remainder which was intended for the children; and thus construing the devise, full effect will be given to all the provisions of the will. This case is not like that of *Moore vs. Webb*, 2 *B. Monroe*, 83, where the wife had power "to dispose of what she may think proper," and that "whatever disposition she might make should be duly attended to." But this case is more analagous to the case of *Coppage vs. Alexander's heirs*, 2 *B. Mon.*, 313, and *Bowling vs. Cobb*, 6 *B. Monroe*, 56, which was a devise of the whole estate to the widow, but if she marry, then to be divided, &c.; it was held that the widow had only the right of enjoyment during widowhood.

*J. Harlan* on the same side—

As it is a cardinal principle that wills are to be construed according to the intention of the testator, if in doing so some principle of law is not violated, we are, in this case, to ascertain whether it was in contemplation of the testator to vest the widow with the power to sell and convey his real estate *in fee*.

Such a construction is inconsistent with the idea that any estate was to be left for division amongst his numerous children. The testator doubtless thought it would be for the convenience of his widow and her children that power should be given to exchange or sell the chattel property, and obtain other property in its place. It was intended to make the widow a *quasi* trustee, to manage the estate for the benefit

of his children. The widow was to *hold* and *add* to, and not to convey for a trifle, and virtually give away the real estate.

*John Rodman* for appellee—

I concur with the temporary judge who decided this case, that the uniform rule in the construction of wills is to ascertain the intention of the testator "by referring to the words of the will, the property bequeathed, and the object to which the testator desired to appropriate that property."

That the testator desired to give his wife the power to dispose of some interest in the land is certain. Is that interest the life estate or the fee? I apprehend that the words "during her life or widowhood" either restrict and confine the quantity of the estate when it is disposed of, or else they fix a time during which she may dispose of the fee, at her discretion, for the benefit of the unmarried children. That they import the latter state of case, and authorize her, at any time while she lives a widow, "to sell, dispose of, or add to the property, real and personal, is a reasonable construction of the will.

This is not a case in which land is specially directed to be sold by executors, nor yet a case in which land is *devised to executors* to be sold. The property, or rather, in the language of the will, "all my estate and effects," is devised to the widow, "to hold, add to, or dispose of, at her own discretion, during her life or widowhood, for the purpose of keeping together and raising her unmarried children." The object evidently was the benefit of the unmarried children, and at the same time to give to his wife an estate in the land and other property; if any other construction prevail it results that the wife could only sell her life estate, and whenever she attempted "to sell, add to, or dispose of," she stripped herself entirely, for the benefit of her children, selling her own life estate and no more; and while the children would be benefitted the widow would be ruined.

In a small estate like this the life estate would be comparatively worthless, and the proceeds of the widow's life estate in everything would soon be exhausted, when applied to the benefit of the nine children of the testator. To suppose that such was the intention would be doing violence to the obvious meaning of the testator and the language employed.

But this court has virtually settled this question in the case of *Lillard vs. Robinson*, 3 *Littell*. The devise was in these words: "I lend all my estate, of all kinds, to my wife during her natural life; and I give all said estate to be equally divided between the children of T. P., deceased, unless my wife shall order it to the contrary." In this case the court decided that the wife had the power of disposing of the the estate in fee in any way she desired, and it was only in the event that she died without such disposition that T. P.'s children would take any interest in the estate.

In this case the widow is expressly authorized to dispose of the estate at her discretion, during her life or widowhood. If she sell or dispose of it during her widowhood she certainly passes the fee, for if the words "during life or widowhood" mean anything at all they have reference to the time during which the widow may dispose of the fee, and not the duration of the estate to be disposed of. It is a devise of an interest in the land, with the power of disposing of it, and that power limited only as to the time in which, or during which, she may exercise it. When the power is exercised, and she disposes of the land, and applies the proceeds to the benefit of the children, she carries out the intention of the testator, for he could not have intended to rob his widow of all her estate with one hand, while with the other he confided to her a discretion which is not often conferred on widows.

No power is given to the executors in any way to control the discretion confided to the widow by the will; her discretion is to control her action in regard

to the disposition of the property, and its object is pointed out by the will.

Why was the widow authorized to dispose of, and add to his estate if she was not to have the power of buying and selling? It was alone out of the estate that the means of adding to the estate were to be obtained. The idea of selling a life estate in land to buy land in which she would have the same estate, would seem to be very unnecessary.

The motive of the widow in disposing of the land to Jenkins has not been assailed.

It is admitted that the widow took only a life estate in the land. If this be so, still the plaintiffs were not entitled to recover, as there is no testimony in the case that she is not living and a widow. Certainly there is no ground for reversal.

Judge SIMPSON delivered the opinion of the court:          January 27.

This action was brought in the name of the children and devisees of Obediah Morse, deceased, to recover from the defendants one hundred and sixty acres of land, which they held and claimed under a deed of conveyance, executed by the mother of the plaintiffs.

The right of the parties to the land in contest depends upon the construction which should be given to the last will and testament of Obediah Morse, under which both parties claim title. That will contains the following provision:

"To my beloved wife, Susan Morse, I give and bequeath all my estate after my debts are all paid, to hold, add to, or *dispose* of, at *her own discretion*, during her life or widowhood, for the purpose of keeping together and raising my children that are yet unmarried—that is, all my estate and effects, and at the marriage or death of my said wife, Susan Morse, I will and bequeath to all my children, viz: Permelia P. Cook, Sally, Nathaniel M., Ebenezer, Samuel F., Marquis D., Emily J., Washington G., and Thomas L., all my estate, to be equally divided, after deduct-

ing from each ones portion what they have received."

On the part of the plaintiffs it is insisted that the power to dispose of the estate of the testator, which he intended to confer upon his wife by the foregoing clause in his will, was limited not only as to the time it was to be executed, but also as to the quantity of interest upon which it was to operate when executed, and that the only interest which passed under the deed of conveyance executed by their mother was an estate during her life or widowhood. The correctness of this construction, it is contended, is not only sustained by the language used by the testator, but is fully and conclusively established by the devise over of *all* the testator's estate to his children after the termination of the estate he had given to his wife.

1. It is a rule in the construction of wills that effect shall be given as far as practicable to every part of the will, in order that the intention of the testator may be fully carried out.

According to this construction, no effect whatever is given to the power of disposition conferred upon the wife, for she would have had a right to dispose of the interest devised to her in the testator's estate, independently of anything contained in the will. Now it is a well settled rule of construction that effect should be given, so far as practicable, to every part of a will, in order that the intention of the testator may be fully carried out. In this case there was not only a power conferred, but the object to be effected by its exercise was plainly specified, demonstrating most conclusively that the power was conferred for a substantial purpose, and not merely to enable the wife to do that which she would have had a right to do without it.

2. The devise in this case was to the widow of the testator, of all his estate, during her life or widowhood, and at her death or marriage he devised all his

The testator by his will devised *all* his estate, after his debts were paid, to his wife during her life or widowhood; and, at the marriage or death of his wife, he devised *all* his estate to his children. This was a devise to the wife of an estate for life, or during widowhood; with remainder to the children in fee in the same property. But he gave to his wife a power to dispose of any of his estate at her own

discretion, during the continuance of her interest therein, for the purpose of keeping together and raising his children that were unmarried. He seems to have supposed that her interest in his estate might be insufficient for this purpose, and, therefore, to enable her to accomplish his object, he authorized her to dispose of any of his property at her own discretion. The estate devised to the children in remainder, was subject to this power conferred upon their mother. If she failed to exercise it, their estate was not affected by it, but having exercised it, and conveyed away the land in contest, the purchaser was thereby invested with a complete title to it, and their right to it was defeated. This is the proper construction of the will, and one that gives due and full effect to all its provisions, and makes them all harmonize.

But even according to the construction which the plaintiffs themselves put upon the will, they did not show any right to a judgment against the defendants. It did not appear upon the trial, that the estate of their mother had terminated either by her death or marriage, and until its termination, her vendee and those claiming under him, would have a right to the possession of the land in contest.

Wherefore, the judgment is affirmed.